## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESONYA LORRAINE BURRELL,<br><br>Plaintiff,<br>vs.<br><br>SN SERVICING CORPORATION,<br><br>Defendants. | CIVIL ACTION<br><br>NO.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### I. INTRODUCTION

1. Defendant is a debt collector in relation to its borrower, the Plaintiff herein. As a debt collector, it "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692f. Specifically, Defendant acquired the rights to collect from Ms. Burrell related to her personal, mortgage loan when it believed the loan was in default.

2. Defendant demanded over $28,000 from Plaintiff in a 2021 payoff statement which it has recently admitted was not due.

### II. JURISDICTION AND VENUE

3. Jurisdiction arises under 12 U.S.C. §§ 2614-15, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1332, together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

4. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### III. PARTIES

5. Plaintiff Lesonya Lorraine Burrell ("Burrell") is a natural person who resides at 136 Walden Glen Lane, Evans, GA 30809 and who, at all times material herein and currently,

owns the real property known as 7053 Forrest Avenue, Philadelphia, PA 19138 ("the Property"). Burrell is also the borrower on the mortgage loan subject to this action which is associated with the Property and said loan was utilized entirely for personal, consumer purposes ("the Loan"). The Loan is a federally related mortgage.

6. Defendant SN SERVICING CORPORATION (SNSC) is a mortgage servicer specializing, according to its website, in re-performing seriously delinquent loans on whose behalf it acts as the holder for the loans on behalf of the owner(s). SNSC is a debt collector pursuant to 15 U.S.C. §1692a(6) as it acquired the servicing right to the Plaintiff's loan when the loan was delinquent or in default.

## IV. FACTUAL ALLEGATIONS

7. Prior to the dispute described herein, Plaintiff, with her then husband, Robert Burrell III, had taken out two (2) loans secured by the Burrell property one of which is a second position loan originated by Citizens Thrift in 1997 and later transferred to Statewide Bank in 2009 (hereinafter "the second position loan").

8. Prior to the dispute described herein, Plaintiff, her husband, Robert Burrell III, divorced on or about January 16, 2008.

9. On or about 2012, SNSC became servicer of the second position loan when plaintiff was in arrears on her second position loan.

10. On or about July 2021, plaintiff entered into an agreement to sell the Property.

11. Subsequently, on or about August 2021, Plaintiff moved to Evans, Georgia based on her intention to sell the Property.

12. On or about October 26, 2021, SNSC delivered a Payoff Statement for the second mortgage loan account which included a category of "1st Mortgage Payoff" in the amount of

$71,340.62 including a payment of $28,434.86 that it claimed as a reimbursement of an amount paid in July 2010 by its predecessor, Statewide, to M&T Bank, servicer of the first position loan. (see Exhibit "A").

13. No notice was ever given to Ms. Burrell by anyone regarding the intention of either mortgage company to make any such advance or payment between them (see Exhibit "B", paragraph 7 of the mortgage).

14. The mortgage for the second position loan prevents any such advance or payments between the holders of the first and second position loans to be negotiated unless they notify Ms. Burrell or her attorney who she was represented by in pending state court foreclosure litigation with each of the mortgage companies.

15. Distraught over the claimed arrears caused by a payment by SNSC or its predecessor to the lender or servicer for her first position loan, Ms. Burrell notified SNSC by written correspondence in the form of a Qualified Written Request that this claimed $28,000 arrears amount constituted a servicing error pursuant to 12 U.S.C.A. § 2605, 12 C.F.R. § 1024.41, 12 CFR §1024.35, 12 CFR §1024.36, COM. LAW § 13-316, and COM. LAW § 12-101 *et seq.* ("QWR/NOE").

16. SNSC received this QWR/NOE correspondence at the address it publishes to borrowers for such purposes.

17. In her QWR/NOE, Plaintiff notified SNSC of certain errors including delivering to her an erroneous Payoff Statement for the second position mortgage loan account which includes a category of "1st Mortgage Payoff" in the amount of $28,434.86.

18. In her QWR/NOE, Plaintiff also sought, among other information, an accounting of her loan including explanation of the "1st Mortgage Payoff" in the amount of $28,434.86.

19.     On or about June 20, 2022, SNSC responded to plaintiff's QWR/NOE that it did not, in fact, make any payment in the amount of $28,434.86 to the first position mortgage holder or servicer or to anyone else.

20.     Plaintiff has been damaged by SNSC's acts and omissions and these damages and losses include: (i) Plaintiff continuing to make mortgage interest payments because she could not sell the property as described above in 2021 and pay off existing loans on the Property; (ii) emotional distress, worry, anger, and anxiety including but not limited to SNSC's continued wrongful demand of arrears in its payoff and consequent derogatory credit reporting of her account as well as frustration, aggravation, and lost time and energy to attempt to understand and correct SNSC's accounting errors and misrepresentations, and (iii) statutory damages permitted under the FDCPA.

## COUNT I – 
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

21.     Plaintiff incorporates all prior paragraphs herein.

22.     SNSC acquired their interests in plaintiff's loan when the loan was in default and therefore SNSC is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

23.     In relation to the Plaintiff, SNSC is also a debt collector pursuant to 15 U.S.C. §1692a(6) because its principal business activity utilizes instrumentalities of interstate commerce or the mails related to the enforcement of security interests.

24.     By its attempts to collect or actually collect sums not actually due for purposes of payoff of the loan, SNSC, directly and indirectly, conveyed a false and/or misleading representation of the legal status of the amount due on the loan in violation of 15 U.S.C. § 1692e as well as e(2) and e(10).

25. Plaintiff has suffered actual economic damages, as more fully described *supra,* as a result of the SNSC's illegal debt collection practices and direct and indirect actions described herein.

26. Collection letters, reinstatement quotes, mortgage statements, and/or other written notices, such as those sent by SNSC, directly or indirectly on their behalf, as to Plaintiff as described herein, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

27. SNSC's false, misleading, and deceptive statements are material to the least sophisticated consumer.

28. As described herein, SNSCs violated 15 U.S.C. § 1692e(10) of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debt from Plaintiff by sending written statements to them, including inaccurate, periodic statements, claiming sums were due from Plaintiff that were not due and owing as a result of their loan modification and/or reinstatement agreements with them.

29. Under Federal law, SNSC is required to send accurate periodic statements to the Plaintiff. However, as a matter of practice and custom, SNSC sent to the Plaintiff inaccurate, periodic statements demanding payment of sums not due and owing as supported by its own QWR/NOE response to the Plaintiff described herein. Such acts violate 15 U.S.C. § 1692e.

30. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors like SNSC.

31. Plaintiff has suffered damages including pecuniary and "actual" damages and other harm as a direct result of SNSCs actions, conduct, omissions and violations of the FDCPA described herein.

**PRAYER FOR RELIEF**

Plaintiff respectfully prays that judgment be entered against the SNSC for the following:

A. Pursuant to Count I of this Complaint, Plaintiff asks this Court to determine the issue of SNSC's liability to the Plaintiff under the FDCPA and award (i) actual damages for its violations of 15 U.S.C. § 1692e pursuant to 15 U.S.C.A. § 1692k for its attempt to collect unauthorized sums and cause her consequential financial harm as described herein, (ii) statutory damages pursuant to 15 U.S.C.A. § 1692k in the amount of $1,000 per SNSC, and (iii) reasonable attorney fees and reasonable costs as authorized by 15 U.S.C.A. § 1692k(a)(3).

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: July 13, 2022                    /s/Robert P. Cocco
                                        ROBERT P. COCCO, P.C.
                                        Attorney for Plaintiff
                                        Pa. Id. No. 61907
                                        1500 Walnut Street, Suite 900
                                        Philadelphia, PA 19102
                                        215-351-0200
                                        bob.cocco@phillyconsumerlaw.com